## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIA UL HAQ,<br>*10367 College Square*<br>*Columbia, Maryland 21044*<br>Plaintiff | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **W. RALPH BASHAM, Commissioner**<br>**United States Customs and Border Protection**<br>In his official capacity, as well as his successors<br>and assigns,<br>1300 Pennsylvania Avenue, N.W.<br>Washington, DC 20229 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **UNITED STATES CUSTOMS AND BORDER**<br>**PROTECTION**<br>1300 Pennsylvania Avenue, N.W.<br>Washington, DC 20229 | )<br>)<br>)<br>)<br>) |
| **JONATHAN SCHARFEN, Acting Director**<br>**U.S. Citizenship and Immigration Services,**<br>In his official capacity, as well as his successors<br>and assigns,<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **MICHAEL CHERTOFF, Secretary**<br>**U.S. Department of Homeland Security,**<br>In his official capacity, as well as his successors<br>and assigns,<br>425 Murray Drive, Building 410<br>Washington, DC 20528 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

Civil No.

Case: 1:08-cv-01023
Assigned To : Robertson, James
Assign. Date : 6/16/2008
Description: Admn. Agency Review

**FILED**

JUN 16 2008

Clerk, U.S. District and
Bankruptcy Courts

## COMPLAINT FOR DECLARATORY, MANDATORY
## AND INJUNCTIVE RELIEF

The plaintiff, ZIA UL HAQ, by counsel, complain of the defendants, W. RALPH

BASHAM, Commissioner; UNITED STATES CUSTOMS AND BORDER PROTECTION;

EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; and MICHAEL

CHERTOFF, Secretary, U.S. Department of Homeland Security, as follows:

## PREFATORY STATEMENT

1. The Plaintiff HAQ seeks admission as a lawful permanent resident but the Defendant

Customs and Border Protection ("CBP") has denied his admission in violation of the statute,

regulations, and controlling case decisions and has refused to recognize the lawful immigrant

visa with waivers for his admission duly approved by the US Department of State ("USDOS")

and the US Citizenship and Immigration Services ("USCIS"). To resolve this inter- and intra-

agency conflict, Plaintiff HAQ seeks declaratory, mandatory, and injunctive relief to compel the

Defendants BASHAM and CUSTOMS AND BORDER PROTECTION to recognize the lawful

rulings of the USDOS and the USCIS that would view plaintiff as a lawful permanent resident of

the United States and duly admit him.

## I. JURISDICTION

2. This Court has jurisdiction pursuant to 8 U.S.C. § 1329 (jurisdiction of the

district courts), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201, 2202 (action

for declaratory judgment), and 28 U.S.C. § 1361 (action to compel an officer of the United States

to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the

plaintiff and to compel the defendants to perform a duty that the defendants owe to the plaintiff.

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the

nature of mandamus to compel an officer or employee of the United States or any agency thereof

to perform a duty owed to the plaintiff."

3.  Jurisdiction is also conferred by 5 U.S.C. §§ 702 and 704, originally part of the Administrative Procedure Act ("APA").

4.  Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5), 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provisions of this Act[.]" As the present action is not an action to review a removal order but simply an action to compel the Defendant BASHAM to follow the US Department of State, Visa Office and its sister agency, the USCIS, in recognizing the plaintiff as a lawful permanent resident and admit him to the US, this Court retains original jurisdiction under 28 U.S.C. § 1361. Furthermore, INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified...to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because the Defendant CBP's failure to acknowledge the lawful immigrant visa issued to the plaintiff for his admission as a lawful permanent resident is in violation of law and in contravention to the legal rulings of its sister agencies, the actions of the Defendant CBP is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security. Therefore, the Court retains original jurisdiction over this claim. *See generally, Liu v. Novak, supra* ("[T]he Court concludes that § 1252(a)(2)(B)(ii) does not eliminate this Court's jurisdiction over plaintiff's claim [for mandatory relief over the administrative agency].")

3

## II. VENUE

5. Venue is proper under 28 U.S.C. § 1391(e) because this is an action brought against officers and agencies of the United States in their official capacities, brought in the district where all of the defendants maintain their offices, where immigration laws are interpreted nationwide for the respective agencies that critically affect the plaintiff, and thereby where a substantial part of the events or omissions giving rise to the plaintiff's claim occurred.

## III. PARTIES

6. The Plaintiff ZIA UL HAQ is an individual, resident of the City of Columbia, Maryland, and a native and citizen of India, who claims a right to reside on a permanent basis within the United States as a lawful permanent resident pursuant to a duly issued immigrant visa as the spouse of a United States citizen, Shahnaz A. Rafiq.

7. The Defendant CUSTOMS AND BORDER PROTECTION ("CBP") is sued as the federal office within the Department of Homeland Security that is delegated, inter alia, the duty to inspect and determine the admission of persons coming into the United States.

8. The Defendant W. RALPH BASHAM, is the Commissioner of CBP who is sued in his official capacity, as well as his successors and assigns. The Commissioner sets policy for CPB and oversees its operations.

9. The Defendant EMILIO T. GONZALEZ is the Director of USCIS who is sued in his official capacity, as well as his successors and assigns. The USCIS is assigned, inter alia, the task of adjudication of the waivers of grounds of inadmissibility, including granting advance permission to return to the US after an order of deportation. He is named as a defendant because

4

he is a necessary party to resolve the conflict between his agency's favorable rulings regarding

the plaintiff and the Defendant CBP's refusal to apply those rulings.

10. The Defendant MICHAEL CHERTOFF is the Secretary of the U.S. Department

of Homeland Security ("DHS"). He is sued in his official capacity, as well as his successors and

assigns. The DHS is the parent agency that oversees the operations of the USCIS and CBP.

## IV. CAUSE OF ACTION

### A. Background Facts

11. On August 25, 2003, the plaintiff's spouse, Shahnaz A. Rafia, filed a Form I-130,

Immigrant Petition For Relative, with the Vermont Service Center of the Immigration and

Naturalization Service (reconstituted as the United States Citizenship and Immigration Services),

for the purpose of classifying the plaintiff as an immediate relative as the spouse of a United

States citizen pursuant to INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). The USCIS

approved the immigrant petition on June 5, 2004.

12. On May 25, 2005, the plaintiff filed with the Vermont Service Center, the Form

I-212, "Application for Permission to Reapply for Admission Into the United States After

Deportation or Removal" to waive his inadmissibility to the United States under

INA § 212(a)(9)(A)(iii), 8 U.S.C. § 1182(a)(9)(A)(iii), as an alien that had been previously

deported from the United States. The United States Citizenship and Immigration Services

approved the plaintiff's Form I-212 on July 13, 2005, thereby waiving his inadmissibility due to

a 1995 deportation order. The plaintiff had been living in Canada as of April 28, 2003 after

being deported from the US, when the Canadian government permitted his entry to seek refugee

protection.

13. On May 25, 2005, the plaintiff filed with the Vermont Service Center, the Form I-601, Application to Waive Excludability, to waive his inadmissibility to the United States under INA § 212(a)(9)(B)(v), 8 U.S.C. § 1182(a)(9)(B)(v) as an alien that had previously been unlawfully present in the United States. The United States Citizenship and Immigration Services approved the plaintiff's Form I-212 on July 21, 2005, thereby waiving his inadmissibility due to his prior unlawful presence.

14. The USCIS forwarded the plaintiff's immigrant visa packet to the United States Department of State, National Visa Center, which then forward the packet to the United States Consulate in Montreal, Canada. The US Consulate issued an immigrant visa to the plaintiff on June 22, 2006 with the expiration date of December 21, 2006, granting permission to the plaintiff to seek admission to the United States as an immigrant.

15. On July 11, 2006, the plaintiff appeared with his immigrant visa packet for inspection at the Port of Entry in Buffalo, New York, and sought admission as an immigrant to the United States. The Defendant CBP refused the plaintiff admission to the United States as an immigrant based upon the erroneous determination that the plaintiff never made a departure from the United States within the meaning of the INA because he had been allowed into Canada in 2003 to apply for refugee status by the Canadian government and therefore, he is subject to the 1995 deportation order which makes him inadmissible to the United States. Defendant CPB in Buffalo further asserted without basis in law or fact that the United States Consulate in Montreal was without authority to issue the immigrant visa.

16. The Defendant CBP and its officers made several crucial errors of fact and law: first, by not applying the regulatory definition of "departure from the United States" found in 8 C.F.R. § 215.1(h), which applies without exception to the manner of arrival into a third country; second,

6

by ignoring the fact that the Canadian government not only allowed the plaintiff to enter, but later granted him refugee status in Canada where he remained for several years, thus clearly evincing a "departure from the United States;" and third, there is no enforceable deportation order against the plaintiff because that order has been excused as a ground of inadmissibility by Defendant USCIS.

17. Defendants placed the plaintiff under an Order of Supervision that requires him to report on a periodic basis to a deportation officer in Baltimore, Maryland of the United States Immigration and Customs Enforcement of the U.S. Department of Homeland Security.

18. On July 3, 2007, the Board of Immigration Appeals held in a published precedent decision, *Matter of R—D—*, 24 I&N Dec. 221 (BIA 2007) that an alien who leaves the United States and is allowed to enter Canada to seek refugee status, has made a departure from the United States within the meaning of the INA. The plaintiff thereafter requested that the CBP Port Director in Buffalo, New York admit him to the United States based on the decision of the Board of Immigration Appeals. The Port Director, through his delegate, the Deputy Port Director, denied the plaintiff's request to admit him to the United States as an immigrant, would not apply *Matter of R—D—*, claiming that the agency applied the law "correctly" at the time the plaintiff sought admission in July 2006.

19. The plaintiff is not allowed to re-use his immigrant visa to depart and return to the US, because it may only be used once and the underlying approved marriage petition may not be re-used as well.

20. The plaintiff has no further remedy under law since there is no appellate review of the decision of the United States Customs and Border Protection decision to deny an alien admission to the United States. He has exhausted his administrative remedies.

## B. Claims

21.   Defendants' actions in refusing to admit the plaintiff to the United States as an immigrant is a violation of law.  No facts are in dispute.  The decision of the Board of Immigration Appeals in *R—D—*, supra, is binding upon the defendants pursuant to 8 C.F.R § 1003.1(g)(2) and is based on a definition of the term "departure" that has been in effect since 1981.  The plaintiff is admissible to the United States because he is the beneficiary of an immigrant visa petition approved by the United States Department of Homeland Security, the same agency that waived his inadmissibility due to the prior deportation order, and because the US Department of State duly issued the plaintiff an immigrant visa to return to the United States.

22.   Defendants are not complying with their mandatory duties.  As a direct consequence of defendants' actions, plaintiff is facing the risk of being deported from the United States, he may be accruing time and further penalty as "unlawfully present" pursuant to 8 U.S.C. §1182(a)(9), he has lost employment eligibility, his date for eligibility for naturalization to US citizenship is indefinitely postponed, and he is otherwise suffering substantial harm and injuries because he is being denied rights and privileges associated with being a lawful permanent resident of the United States.

23.   Defendants CBP and BASHAM have been unwilling to ameliorate their harm to plaintiff.

24.   Defendants' stated legal position that the ruling of the Board of Immigration Appeals in *Matter of R-D-* is prospective only and therefore the plaintiff may not be admitted to the United States as an immigrant is an incorrect application of the law.

8

25. Defendants' legal position is arbitrary, capricious and contrary to the plain and unambiguous language of the law. The facts of *Matter of R-D-* are indistinguishable from this case. Like the alien in *Matter of R-D-*, the plaintiff was given permission to go into Canada to apply for refugee status, he was never detained, he remained in Canada for over 3 years, and he was free to move about the country. *Matter of R—D—*, 24 I. & N. Dec. at 223. The published decisions of the Board of Immigration Appeals are binding upon "all officers and employees of the Department of Homeland Security . . . in the administration of immigration laws of the United States." 8 C.F.R. § 1003.1(g). Indeed, all interpretations of the INA and therefore admissibility on an immigrant visa by the US Department of Justice and its designee, the Board of Immigration Appeals are controlling. INA § 103(a)(1), 8 U.S.C. § 1103(a)(1). Furthermore, the defendants' position that the Board's ruling is not retroactive has no basis in law. The Board did not rule that its holding was prospective only. Moreover, in affirming the immigration judge's decision that the alien in *R—D—* had made a departure from the United States within the meaning of the INA, the Board relied upon a regulatory definition of the term "departure" that has been in effect since 1981. *Compare* 8 C.F.R. § 215.1(h)(2007) *with* 8 C.F.R. § 215.1(h) (1981).

## PRAYER

WHEREFORE, plaintiff respectfully prays for the following relief from this Court:

a.      An order declaring that Defendant CBP and its officials' legal position in refusing to admit the plaintiff to the United States as an immigrant is an error of law, arbitrary and capricious;

b.      An order compelling the Defendants CPB and BASHAM to grant, *nunc pro tunc*, admission of the plaintiff, ZIA AL HAQ, to the United States as an immigrant to July 11, 2006;

c.      An injunction barring Defendants CBP and BASHAM from enforcing any provision of

8 U.S.C. §1182(a)(9) against plaintiff;

d.      An award of reasonable attorney's fees and costs of court under the Equal Access to

Justice Act; and,

e.      Any other relief which may be appropriate and which will remedy and repair the harm

caused to plaintiff by the Defendant CBP and its officials.


Respectfully submitted,


Dated:                          _____
                                THOMAS A. ELLIOT, D.C. BAR # 259713
                                ELLIOT & MAYOCK
                                1666 Connecticut Avenue, N.W., 5th Floor
                                Washington D.C. 20009
                                (202) 429-1725


## VERIFICATION

I declare under penalty of perjury pursuant to 28 USC § 1746 that the foregoing is true

and correct to the best of my knowledge and belief.


Dated:  6/11/2008               _____
                                Zia Ul Haq
                                Plaintiff


10

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ZIA UL HAQ | W. RALPH BASHAM, Commissioner, U.S. Customs and Border Protection;<br>UNITED STATES CUSTOMS AND BORDER PROTECTION;<br>JONATHAN SCHARFEN, Acting Director, U.S. Citizenship and Immigration Services;<br>MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) ___11001___
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas A. Elliot, Esquire
Elliot & Mayock
1666 Connecticut Avenue, N.W., 5th Floor
Washington, D.C. 20009
202-429-1725

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust
☐ 410 Antitrust

○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ E. General Civil (Other) OR ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment**<br>**(criteria: race, gender/sex,**<br>**national origin,**<br>**discrimination, disability**<br>**age, religion, retaliation)**<br><br>**\*(If pro se, select this deck)\*** | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions**<br>**(if Privacy Act)**<br><br><br><br>**\*(If pro se, select this deck)\*** | ☐ **152 Recovery of Defaulted**<br>**Student Loans**<br>**(excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting &**<br>**Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights**<br>**Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-**<br>**Employment**<br>☐ **446 Americans w/Disabilities-**<br>**Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment &**<br>**Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of**<br>**Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting**<br>**(if Voting Rights Act)** |

## V. ORIGIN

⊙ **1 Original**
**Proceeding**
○ **2 Removed**
**from State**
**Court**
○ **3 Remanded from**
**Appellate Court**
○ **4 Reinstated**
**or Reopened**
○ **5 Transferred from**
**another district**
**(specify)**
○ **6 Multi district**
**Litigation**
○ **7 Appeal to**
**District Judge**
**from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC Section 1361; 28 USC Sections 2201, 2202; 5 USC Sections 702, 704

**VII. REQUESTED IN**
**COMPLAINT**
☐ CHECK IF THIS IS A **CLASS**
**ACTION** UNDER F.R.C.P. 23
**DEMAND $** [_____] Check **YES** only if demanded in complaint
**JURY DEMAND:**    **YES** ☐    **NO** ☒

**VIII. RELATED CASE(S)**
**IF ANY**
(See instruction)    **YES** ☐    **NO** ☒    If yes, please complete related case form.

**DATE** 06/13/2008    **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C., 88888 if plaintiff is resident of the United States but not of Washington, D.C , and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.